# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge <u>Virginia A. Phillips</u> and the assigned discovery Magistrate Judge is <u>Oswald Parada</u>.

The case number on all documents filed with the Court should read as follows:

### EDCV09-01899 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☐ **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

☐ **Southern Division**
411 West Fourth St., Rm 1-053
Santa Ana, CA 92701-4516

☑ **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Gary Griffith | James Hardie Building Products, Inc. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Randal P. Hannah, Esq., Law Office of Randal P. Hannah<br>188 North Euclid Avenue, Upland, CA 91785    (909) 629-2521 | Alan G. Ross, Ross & Wersching LLP<br>3151 Airway Ave., Suite S-1, Costa Mesa, CA<br>(714) 444-3900 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ 118,947 +

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. §1332 and 28 U.S.C. §1441(b)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER<br>PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☒ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**ED CV 09 - 01899 VAP (OPx)**

FOR OFFICE USE ONLY:   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

OCT -9 2009

CV-71 (05/08)                     **CIVIL COVER SHEET**                     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Plaintiff Gary Griffith - San Bernardino | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Defendant James Hardie Building Products, Inc. - Nevada, Illinois |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| San Bernardino | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____  Date October 9, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

*Gary Griffith v. James Hardie Building Products, Inc.*

1

## PROOF OF SERVICE

2

3    STATE OF CALIFORNIA, COUNTY OF ORANGE

4    I am employed in the County of Orange, State of California.
     I am over the age of 18 years and am not a party to the within
5    action; my business address is 3151 Airway Ave., Suite S-1, Costa
     Mesa, California 92626.

6

7    On October 9. 2009, I served the following document
     described as:

8    **CIVIL COVER SHEET**

9

10   on interested parties in this action by placing a true copy
     thereof enclosed in a sealed envelope as follows:

11       Randal P. Hannah, Esq.            Attorneys for Plaintiff
         Roxana E. Verano, Esq.            Gary Griffith
12       Law Office of Randal P. Hannah
         188 North Euclid Avenue
13       Upland, CA 91785
         Tel:  (909) 629-2521
14       Fax:  (909) 949-8069

15

16   ☐   **(By Overnight Courier)**   I served the above referenced
         document(s), enclosed in a sealed package or packages
17       designated by Federal Express, by depositing such package(s)
         at a facility regularly maintained by Federal Express, with
18       delivery fees paid or provided for and addressed to the
         office of the addressee(s) listed above.

19   ☒   **(BY U.S. Mail)** I am readily familiar with my firm's business
         practice for collection and processing of correspondence for
20       mailing with the United States Postal Service.  I deposited
         such envelope(s) with postage thereon fully prepaid to be
21       placed in the United States Mail at Costa Mesa, California.

22   ☐   **(By Facsimile)** I served a true and correct copy by
         facsimile.  Said transmission was reported complete and
23       without error.

24   ☒   **(Federal)**   I declare that I am a member of the bar of this
         court and that under penalty of perjury under the laws of
25       the United States of America the foregoing is true and
         correct.
26       Executed on October 9, 2009, at Costa Mesa, California.

27

28                                    _____
                                      Alan G. Ross

---

**PROOF OF SERVICE**

ALAN G. ROSS, Bar No. 162859
ERIC J. WERSCHING, Bar No. 229415
ROSS & WERSCHING LLP
Attorneys at Law
3151 Airway Ave., Suite S-1
Costa Mesa, California 92626
Telephone: (714) 444-3900
Facsimile: (714) 444-3901

Attorneys for Defendant
JAMES HARDIE BUILDING PRODUCTS, INC.

## UNITED STATES DITRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### EASTERN DIVISION

# ED CV 09 - 01899 VAP (OPx)

GARY GRIFFITH, an individual

      Plaintiff,

    v.

JAMES HARDIE BUILDING PRODUCTS,
INC., a corporation; and DOES 1
through 100, inclusive,

      Defendants.

CASE NO.

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §1332 AND 28 U.S.C. §1441(B)**

[DIVERSITY JURISDICTION]

DATE ACTION FILED: JUNE 26, 2009

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF GARY GRIFFITH AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant JAMES HARDIE BUILDING

ROSS & WERSCHING LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

PRODUCTS, INC. removes this action from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California under 28 U.S.C. §1332 and 28 U.S.C. §1441(b) (diversity jurisdiction) on the following grounds:

## THE STATE COURT ACTION

1.   On or about June 26, 2009, Plaintiff Gary Griffith (hereinafter "Plaintiff") filed an action (the "State Court Action") against Defendant James Hardie Building Products, Inc. (hereinafter "Hardie") entitled "GARY GRIFFITH, an individual, Plaintiff, vs. JAMES HARDIE BUILDING PRODUCTS, INC., a corporation, and DOES 1 through 100, Inclusive, Defendants" in the Superior Court of California for the County of San Bernardino, Case Number CIVDS 909232 (the "Complaint").

2.   On September 9, 2009, Hardie was personally served by process server with the following documents in the State Court Action: Summons, Complaint, Certificate of Assignment, and a Judicial Council of California/State Bar publication regarding alternative dispute resolution (ADR) programs entitled "You Don't Have to Sue" (the "ADR Package").  Attached hereto as Exhibit "1" is a true and correct copy of the Summons, Complaint, Certificate of Assignment and ADR Package.

3.   On October 7, 2009, Hardie timely filed and served its

ROSS & WERSCHING LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

Defendant James Hardie Building
Products, Inc.'s Notice of Removal

Answer to Plaintiff's Unverified Complaint in the San Bernardino County Superior Court. Attached hereto as Exhibit "2" is a true and correct copy of the Answer.

4. On October 8, 2009, Hardie timely filed and served a Peremptory Challenge to the assigned judge in the State Court Action pursuant to California Code of Civil Procedure section 170.6. Attached hereto as Exhibit "3" is a true and correct copy of the Peremptory Challenge.

5. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure, in that Hardie was originally served with the Complaint no more than thirty days before the filing of this Notice. Accordingly, Hardie is removing this action in a timely manner.

6. The Summons, Complaint, Certificate of Assignment, ADR Package, Answer, and Peremptory Challenge, attached as Exhibits "1", "2" and "3" hereto, constitute the pleadings, process and orders served upon or by Hardie in the State Court Action.

## COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

7. In its Complaint, Plaintiff alleges, and Hardie is informed and believes, that Plaintiff is a citizen and a resident of the State of California, and that Plaintiff was a citizen and resident of the State of California at the time of filing of the

3

1    Complaint.  (Complaint, ¶ 1).

2

3         8.    Hardie   was   incorporated   in   the   State   of   Nevada   on

4    November  17,  1995  and  is  a  corporation  existing  with  status  in

5    good   standing   under   the   laws   of   the   State   of   Nevada,   as

6    demonstrated  by  the  Certificate  of  Existence  with  Status  in  Good

7    Standing  from  the  Nevada  Secretary  of  State  dated  September  24,

8    2009 attached hereto as Exhibit "4."

9

10        9.   Hardie   is   a   worldwide   manufacturer   of   fiber-cement

11   siding,   backerboard   and   related   building   products.    Hardie

12   operates  several  manufacturing  facilities  in  the  United  States,

13   none  of  which  is  in  California.    These  manufacturing  plants

14   include  one  in  Reno,  Nevada,  where  Hardie  is  incorporated,  as

15   well  as  one  in  Peru,  Illinois,  close  to  Hardie's  executive  and

16   administrative   offices   in   Chicago.    Although   Hardie   also   has

17   administrative    offices    in    Mission    Viejo,    California,    the

18   substantial   predominance   of   its   business   activity   occurs   in

19   Illinois  based  on  the  presence  of  Hardie's  large  manufacturing

20   facility  in  Peru,  IL  and  its  administrative  and  executive  offices

21   in  Chicago,  IL.    *Tosco  Corporation  v.  Communities  for  a  Better*

22   *Environment*  (2001)  236  F.3d  495,  500.   Applying  the  "substantial

23   predominance"  test  used  in  the  9th  Circuit,  Hardie's  principal

24   place  of  business  for  purposes  of  diversity  jurisdiction  is

25   therefore Illinois.

26

27        10.   If  a  party  is  a  corporation,  it  is  a  citizen  of  both

28

ROSS & WERSCHING LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

1   its state of incorporation and the state where it has its
2   principal place of business. 28 U.S.C. §1332(c)(1). Accordingly,
3   Hardie is (and was at the time of filing of the Complaint) a
4   citizen of the States of Nevada and Illinois.

5
6       11. Complete diversity among the parties exists because
7   Plaintiff is a citizen of the State of California and Hardie is a
8   citizen of the States of Nevada and Illinois.

9
10  **THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL MINIMUM**
11
12      12. Plaintiff's Complaint alleges damages for (a) Age
13  Discrimination, (b) Wrongful Termination in Violation of Public
14  Policy, (c) Intentional Infliction of Emotional Distress, and (d)
15  Negligent Infliction of Emotional Distress. More specifically,
16  Plaintiff alleges that he was receiving a salary "of
17  approximately $72,000.00 per year" (Complaint, ¶8) until Hardie
18  terminated his employment on or about February 12, 2008.
19  (Complaint, ¶10). Moreover, Plaintiff's Complaint prays for,
20  *inter alia*, "back pay" (Complaint, "Prayer for Relief, ¶3")
21  which, from the face of the Complaint (based on $72,000 per year
22  since February 12, 2008) would amount to $118,947.78.[1]
23  Therefore, the total amount in controversy is at least
24  $118,947.78, which is well in excess of the $75,000 minimum
25  amount specified in 28 U.S.C. § 1332(a).

26  _____
27  [1] This amount is calculated by multiplying the daily rate of
    $197.26(*i.e.*, 72,000/year ÷ 365 = 197.26) by 603, the number of
    days from Plaintiff's termination on February 12, 2008 to the
28  present (*i.e.*, $197.26 x 603 = $118,947.78).

5

ROSS & WERSCHING LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

ROSS & WERSCHING LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

## REMOVAL IS TIMELY

13.   This action is being timely removed within 30 days of the point at which Hardie first became aware that it was removable.   Hardie was first served with the Complaint in the State Court Action on September 9, 2009.   Accordingly, Hardie is removing this action in a timely manner.   See 28 U.S.C. §1446(b)(requiring removal within 30 days after receipt of a "copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based").

## CONCLUSION

14.   Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, this Court has original jurisdiction over it, and Hardie may remove it to this Court pursuant to 28 U.S.C. §1441(b).   Hardie respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: October 9, 2009          ROSS & WERSCHING LLP


                                By: _____
                                       ALAN G. ROSS

                                Attorneys for Defendant
                                JAMES HARDIE BUILDING PRODUCTS, INC.

6

Defendant James Hardie Building
Products, Inc.'s Notice of Removal

# Exhibit 1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JAMES HARDIE BUILDING PRODUCTS, INC., a corporation; and
DOES 1 through 100, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GARY GRIFFITH, an individual

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| F I L E D |
| SUPERIOR COURT |
| COUNTY OF SAN BERNARDINO |
| SAN BERNARDINO DISTRICT |
| JUN 2 6 2009 |
| By _____ Deputy |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
| --- | --- |
| The name and address of the court is: Superior Court-State of California | CASE NUMBER: *(Número del Caso):* |
| *(El nombre y dirección de la corte es):* | CMDS 9 0 9 2 3 2 |
| County of San Bernardino - West District | |
| 8303 N. Haven Ave., Rancho Cucamonga, CA 91730 | |
| 303 W 3E ST, SAN BERNARDINO, CA 92415 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Randal P. Hannah, Esq., SBN #138778
188 N.Euclid Ave.,2nd Floor, P.O. Box 398
Upland, CA 91785        (909) 629-2521

LISA M. TAYLOR

| | | |
| --- | --- | --- |
| DATE: JUN 2 6 2009 | Clerk, by _____ | , Deputy |
| *(Fecha)* | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

COPY

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* JAMES HARDIE BUILDING PRODUCTS

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)        ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 09/09/09

Page 1 of 1

| | | |
| --- | --- | --- |
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. January 1, 2004] | **SUMMONS** ©EB | Code of Civil Procedure §§ 412.20, 465 |

Exhibit 1
Page 7

1  Randal P. Hannah, Esq. – State Bar No. 138778
   Roxana E. Verano, Esq. - State Bar No. 186837
2  Law Office of Randal P. Hannah
   188 North Euclid Avenue
3  Upland, California 91785

4  Phone: (909) 629-2521
   Fax:   (909) 949-8069
5

6  Attorneys for Plaintiff, GARY GRIFFITH

7

FILED
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUN 2 6 2009

By _____
                        Deputy

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF SAN BERNARDINO**
                          CENTRAL
10                ~~RANCHO CUCAMONGA~~ DISTRICT

11  GARY GRIFFITH, an individual          )   CASE NO.:  CIVDS 9 0 9 2 3 2
                                          )
12                                        )
                                          )   PLAINTIFF'S COMPLAINT FOR
13                                        )   DAMAGES
            Plaintiff,                     )
14                                        )   CAUSES OF ACTION:
    vs.                                   )
15                                        )   1.  Age Discrimination (Government Code
                                          )       Code §§ 12940(a))
16  JAMES HARDIE BUILDING PRODUCTS,       )
    INC., a corporation; and DOES 1 through 100, )  2.  Wrongful Termination in Violation of
17  Inclusive,                            )       Public Policy
                                          )
18                                        )   3.  Intentional Infliction of Emotional
            Defendants.                    )       Distress
19                                        )
                                          )   4.  Negligent Infliction of Emotional Distress
20                                        )
                                          )
21                                        )   **DEMAND FOR JURY TRIAL**
                                          )
22  _____)

23          Plaintiff GARY GRIFFITH (hereinafter referred to as "PLAINTIFF") alleges and

24  complains against the above-named Defendants, and each of them as follows:

25                          **PARTIES AND JURISDICTION**

26          1.      At all times mentioned herein, plaintiff GARY GRIFFITH (hereinafter referred to

27  as "PLAINTIFF") is an individual and a resident of the State of California.

28  ///

                                          1
                          **COMPLAINT FOR DAMAGES**
F:\Files\GRIFFITH GARY\Griffith v Hardie Complaint most recent.wpd                    Printed on Recycled Paper

                                                                        Exhibit 1
                                                                        Page 6

2.     Defendant JAMES HARDIE BUILDING PRODUCTS, INC. (hereinafter referred to as "JAMES HARDIE") is, and at all times relevant hereto was, a corporate entity, qualified and doing business in the State of California and subject to suit under the California Fair Employment and Housing Act, Government Code Section 12900, et seq., ("FEHA"), in that JAMES HARDIE regularly employs five or more persons.

3.     The true names, identities and capacities, whether individual, associate, corporate or otherwise, of Defendants DOES 1 through 100, inclusive, are unknown to PLAINTIFF at this time who therefore sues said Defendants by such fictitious names.  When the true names and capacities or participation of such fictitiously designated Defendants are ascertained, PLAINTIFF will seek leave of Court to amend this Complaint to insert said true names, identities, and capacities, together with the proper charging allegations.  PLAINTIFF is informed and believes and thereupon alleges that each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings hereinafter referred to, hereby proximately causing the injuries and damages to PLAINTIFF as hereinafter set forth.

4.     PLAINTIFF is informed and believes and thereupon alleges that, at all times herein mentioned, each of the Defendants was an agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment, and with the approval and ratification of each of the other Defendants.

5.     Jurisdiction is premised on the fact that PLAINTIFF'S damages are in excess of the minimum sum required for jurisdiction in the Superior Court of the State of California.

6.     Venue in the Rancho Cucamonga District of the Superior Court of San Bernardino County is based on the fact that this is the County where the injury occurred.

7.     PLAINTIFF filed a timely charge of discrimination with the Department of Fair Employment and Housing ("DFEH"), against each of the entities and persons named herein, for the acts of discrimination alleged in the instant Complaint, and received a notice of the right to sue, pursuant to Government Code section 12965(b).  Accordingly, PLAINTIFF has exhausted all of his administrative remedies.

2

## GENERAL ALLEGATIONS

8.     On or about December 13, 2004, PLAINTIFF was hired by JAMES HARDIE as a Financial Analyst at a salary of approximately $72,000.00 per year.

9.     PLAINTIFF is a Caucasian male who was 53 years of age at the time of his termination.

10.     Plaintiff is informed and believes, and based thereon alleges, that on or about February 12, 2008, PLAINTIFF was informed that his employment with JAMES HARDIE was being terminated as part of a company-wide Reduction in Force ("RIF"). At the time of his termination, PLAINTIFF was provided a list of terminations of employees, by departments, ("Termination List") which included the names and ages of those employees terminated.

11.     At the time of his termination, PLAINTIFF was working in the Logistics Department in Defendant, JAMES HARDIE's, Fontana Office.

12.     At the time of his termination, there were ten (10) people in the Logistics Department. Plaintiff is informed and believes, and based thereon alleges, that he was the only employee terminated in the Logistics Department who was over 40 years of age.

13.     PLAINTIFF is informed and believes and based thereon alleges that the RIF effectuated by JAMES HARDIE, effectively eliminated a disproportionate number of workers over the age of 40.

14.     PLAINTIFF is informed and believes and based thereon alleges, that, based on the information provided by JAMES HARDIE's termination list, a disproportionate number of employees terminated as part of the RIF were 40 years of age, or older, and that as a result of the RIF, a meaningful change in the make up of the work force occurred, whereby JAMES HARDIE substantially reduced a percentage of its employees over the age of 40 years.

### FIRST CAUSE OF ACTION

**(Discrimination Based on Age in Violation of the FEHA)**

**(Against All Defendants)**

15.     PLAINTIFF repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 14 of the Complaint as though fully set forth herein.

3

**COMPLAINT FOR DAMAGES**

Exhibit  1

Page  10

1      16.     PLAINTIFF has complied with California Government Code section 12940 et seq.

2   in that he has exhausted his administrative remedies as follows:

3            a.     On or about February 12, 2008, PLAINTIFF's employment with Defendant,

4                  JAMES HARDIE, was terminated.

5            b.     In approximately June 2008, PLAINTIFF filed a Complaint of

6                  Discrimination with the Department of Fair Employment and Housing

7                  ("DFEH").

8            c.     On or about June 30, 2008, PLAINTIFF received a Notice of Closure which

9                  provided him with the right to file a civil lawsuit.

10     17.     Pursuant to Government Code § 12940(a), it is an unlawful employment practice

11  for an employer to discriminate against a person in terms, conditions, or privileges of

12  employment, by reason of that person's age.

13     18.     Defendants are an "employer" as defined by Government Code §12926(d).

14     19.     PLAINTIFF was employed by Defendants in the capacity of a Financial Analyst,

15  and, at all times while employed by Defendants, PLAINTIFF was a duly qualified and competent

16  employee.

17     20.     Plaintiff is informed and believes, and based thereon alleges, that Defendants, and

18  each of them, discriminated against PLAINTIFF by reason of his age, thereby violating

19  Government Code section 12940(a), by among other things, wrongfully terminating his

20  employment as part of a RIF while retaining younger employees who were less qualified.

21     21.     Plaintiff is informed and believes, and based thereon, alleges that, at the time of

22  PLAINTIFF's termination, PLAINTIFF was provided with a list of terminations,  by departments

23  ("Termination List").  Defendant's Termination List indicates that a disproportionate number of

24  employees who had been terminated as part of the RIF, were over the age of 40.

25     22.     Plaintiff is informed and believes, and based thereon, alleges that it was common

26  knowledge at Defendant's workplace that management, including members of upper management,

27  was proud of promoting a culture of youth at work, and that management had a preference for

28  younger employees over older employees.  During staff meetings, PLAINTIFF on several

4

F:\File\GRIFFITH GARY\Griffith v Hardie Complaint most recent.wpd                       Printed on Recycled Paper

Exhibit  1
Page  11

1  occasions heard members of management make ageist derogatory statements which clearly

2  indicated their preference to work with younger employees. This statements include, but are not

3  limited to, statements such as "Younger people work harder and make it happen."

4       23.  Early on during his employment, PLAINTIFF was exposed to management's

5  preferential treatment of younger employees. At his orientation, the Human Resources Assistant

6  Director, stated "There is nobody over 50 here." When PLAINTIFF disclosed that he was over

7  50, the Human Resources Assistant Director was surprised to learn about PLAINTIFF'S age

8  causing PLAINTIFF to feel inadequate.

9       24.  Comments made by management also lead PLAINTIFF to believe that one of the

10  reasons for management's preference for younger employees was the fact that they are generally

11  paid less than more experienced employees.

12       25.  The reasons given by the Defendants for the selection of PLAINTIFF for the RIF

13  are pretextual or untrue.

14       26.  As a proximate result of Defendants' actions against PLAINTIFF, as alleged

15  above, PLAINTIFF has been directly and legally caused to suffer actual damages, including but

16  not limited to, loss of earnings, attorneys' fees, costs of suit and other pecuniary loss not presently

17  ascertained which is to be determined at trial.

18       27.  As a further proximate result of Defendants' actions, PLAINTIFF has been caused

19  to, and did suffer and continues to suffer, severe emotional and mental distress, humiliation,

20  anguish, embarrassment, shock, anxiety, and physical pain and suffering in an amount to be

21  determined at trial.

22       28.  Plaintiff is informed and believes, and based thereon, alleges that the actions taken

23  by Defendants, and each of them, as alleged above, were taken with malice, fraud, and oppression

24  and with conscious disregard for PLAINTIFF's rights, and with the intent, design and purpose of

25  injuring PLAINTIFF, thereby justifying the award of punitive and exemplary damages in an

26  amount to be determined at trial.

27  ///

28  ///

**COMPLAINT FOR DAMAGES**

Exhibit 1
Page 12

## SECOND CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy)

### (Against All Defendants)

29.     PLAINTIFF repeats, realleges and incorporates by reference the allegations of paragraphs 1 through 28 of the Complaint as though fully set forth herein.

30.     At all relevant times herein, Article I, Section 8 of the California Constitution, and the California Fair Employment and Housing Act, were in full force and effect, and were binding on Defendants. Article I, Section 8 of the California Constitution, and the California Fair Employment and Housing Act, and the public policy of the State of California based thereupon, require Defendants to refrain from committing acts of discrimination, including acts of age discrimination, in the treatment of their employees.

31.     Plaintiff is informed and believes, and thereon alleges, that Defendants selected PLAINTIFF to be terminated as part of the RIF, because PLAINTIFF was over the age of 40.

32.     As a proximate result of Defendants' actions against PLAINTIFF, as alleged above, PLAINTIFF has been directly and legally caused to suffer actual damages, including but not limited to, loss of earnings, attorneys' fees, costs of suit, and other pecuniary loss not presently ascertained which is to be determined at trial.

33.     As a further proximate result of Defendants' actions, PLAINTIFF has been caused to, and did suffer and continues to suffer, severe emotional and mental distress, humiliation, anguish, embarrassment, shock, anxiety, and physical pain and suffering in an amount to be determined at trial.

34.     Plaintiff is informed and believes, and thereon alleges that the actions taken by Defendants, and each of them, as alleged above, were taken with malice, fraud, and oppression and with conscious disregard for PLAINTIFF's rights, and with the intent, design and purpose of injuring PLAINTIFF, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

///

///

6

Exhibit 1
Page 13

### THIRD CAUSE OF ACTION

#### (Intentional Infliction of Emotional Distress)

#### (Against All Defendants)

35.     PLAINTIFF repeats, realleges and incorporates by reference the allegations of paragraphs1 through 34 of the Complaint as though fully set forth herein.

36.     Plaintiff is informed and believes, and based thereon, alleges that Defendants, acting on their own and/or through agents and employees, engaged in acts herein described deliberately and intentionally in order to cause PLAINTIFF severe emotional distress; alternatively, PLAINTIFF alleges that such conduct was done in reckless disregard of the probability of said conduct causing severe emotional distress.

37.     The foregoing conduct did, in fact, cause PLAINTIFF to suffer extreme and severe emotional distress.

38.     As a proximate result of Defendants' actions against PLAINTIFF, as alleged above, PLAINTIFF has been directly and legally caused to suffer actual damages, including but not limited to, loss of earnings, attorneys' fees, costs of suit, and other pecuniary loss not presently ascertained which is to be determined at trial.

39.     As a further proximate result of Defendants' actions, PLAINTIFF has been caused to, and did suffer and continues to suffer, severe emotional and mental distress, humiliation, anguish, embarrassment, shock, anxiety, and physical pain and suffering in an amount to be determined at trial.

40.     Plaintiff is informed and believes, and thereon alleges that the actions taken by Defendants, and each of them, as alleged above, were taken with malice, fraud, and oppression and with conscious disregard for PLAINTIFF's rights, and with the intent, design and purpose of injuring PLAINTIFF, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.

///

///

///

7

F:\Files\GRIFFITH OARY\Griffith v Hardie Complaint xxxi xcrest.wpd                        Printed on Recycled Paper

Exhibit \_\_
Page ١٤

1

## FOURTH CAUSE OF ACTION

2

### (Negligent Infliction of Emotional Distress)

3

### (Against All Defendants)

4       41.     PLAINTIFF repeats, realleges and incorporates by reference the allegations of

5    paragraphs1 through 34 of the Complaint as though fully set forth herein.

6       42.     PLAINTIFF, as a direct and proximate result of Defendants' wrongful actions, as

7    described above, has suffered severe emotional distress. PLAINTIFF alleges that Defendants, in

8    acting as alleged herein, and more specifically, in discriminating against him and wrongfully

9    terminating his employment, negligently caused PLAINTIFF harm. Defendants' actions were

10   unreasonable in that Defendants acted without regard to PLAINTIFF'S well-being, rights, and

11   interests, and Defendants failed to act as a reasonable employer by discriminating against and

12   wrongfully terminating him. Said unreasonable conduct proximately caused PLAINTIFF harm as

13   set forth above.

14      43.     As a proximate result of the actions of Defendants, and each of them, PLAINTIFF

15   has been damaged and is entitled to damages, including attorney's fees, in an amount according to

16   proof at the time of trial.

17

## PRAYER FOR RELIEF

18       WHEREFORE, PLAINTIFF respectfully prays that this Court enter judgment in his favor

19   and against Defendants as follows:

20       1.     Entering judgment in favor of PLAINTIFF and against Defendants on all Causes of

21   Action as alleged in the Complaint;

22       2.     For general damages according to proof;

23       3.     For back pay, front pay, and other monetary relief according to proof;

24       4.     For punitive damages in an amount appropriate to punish Defendants for its

25   wrongful termination of PLAINTIFF and to set an example for others;

26       5.     For interest on the sum of damages awarded, calculated from the date that

27   Defendants' unlawful conduct first began to the date of judgment;

28       6.     For statutory damages, penalties, and attorneys' fees and costs according to proof;

8

F:\Files\GRIFFITH GARY\Griffith v Hardie Complaint most recent.wpd          Printed on Recycled Paper

Exhibit 1
Page 15

1      7.    For costs of suit herein; and

2      8.    For such other and further relief as the Court deems just and proper.

3

Dated: June 26, 2009              **LAW OFFICES OF RANDAL P. HANNAH**

4

5

6                    By:

                         **RANDAL P. HANNAH**

7                         Attorneys for Plaintiff
                         GARY GRIFFITH

8  ///

9  ///

10  ///

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

**COMPLAINT FOR DAMAGES**

Exhibit 1
Page 16

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

GARY GRIFFITH, an individual

Case No. CIVDS 9 0 9 2 3 2

vs.

**CERTIFICATE OF ASSIGNMENT**

JAMES HARDIE BUILDING PRODUCTS, INC., a corporation; and DOES 1 through 100, Inclusive

A civil action or proceeding presented for filing must be accompanied by this certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Rancho Cucamonga District of the Superior Court under Rule 404 of this court for the checked reason:

[X] General        [ ] Collection

**Nature of Action**        **Ground**

| | | Nature of Action | Ground |
|---|---|---|---|
| [ ] | 1 | Adoption | Petitioner resides within the district. |
| [ ] | 2 | Conservator | Petitioner or conservatee resides within the district. |
| [ ] | 3 | Contract | Performance in the district is expressly provided for. |
| [ ] | 4 | Equity | The cause of action arose within the district. |
| [ ] | 5 | Eminent Domain | The property is located within the district. |
| [ ] | 6 | Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 7 | Guardianship | Petitioner or ward resides within the district or has property within the district. |
| [ ] | 8 | Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| [ ] | 9 | Mandate | The defendant functions wholly within the district. |
| [ ] | 10 | Name Change | The petitioner resides within the district. |
| [ ] | 11 | Personal Injury | The injury occurred within the district. |
| [ ] | 12 | Personal Property | The property is located within the district. |
| [ ] | 13 | Probate | Decedent resided or resides within the district or had property within the district. |
| [ ] | 14 | Prohibition | The defendant functions wholly within the district. |
| [ ] | 15 | Review | The defendant functions wholly within the district. |
| [ ] | 16 | Title to Real Property | The property is located within the district. |
| [ ] | 17 | Transferred Action | The lower court is located within the district. |
| [ ] | 18 | Unlawful Detainer | The property is located within the district. |
| [ ] | 19 | Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| [X] | 20 | Other | Complaint for Damages; Age Discrimination; Wrongful Termination, etc. |
| [ ] | 21 | THIS FILING WOULD NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT. | |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designated district is:

JAMES HARDIE BUILDING PRODUCTS, INC., a corporation, 10901 Elm Avenue

(NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR)        ADDRESS

FONTANA                    CA                    92337

(CITY)        (STATE)        (ZIP CODE)

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on

June 25, 2009                    at    Upland                    , California.

Randal P. Hann

Signature of Attorney/Party

13-16503-360 Rev. 10/94                    SB-16503

Exhibit 1
Page 17

**Accommodations For Persons With Disabilities Using Court Facilities**

The Americans with Disabilities Act (ADA) and State law require all state and local governmental entities, including the courts, to provide reasonable accommodations for the needs of persons with disabilities. The ADA benefits people who have an interest in court activities, programs and services. In 1996 the Judicial Council of California, the policy-making body for the courts, adopted California Rules of Court, rule 1.100 (former rule 989.3) to implement the ADA in the state court system.

Under the ADA, State laws, and the court rule, a person is entitled to an accommodation if he or she is an "eligible person with a disability." This means the person has a physical or mental impairment that limits one or more major life activities, has a record of such impairment, or is regarded as having such impairment.

It is the individual's responsibility to contact the court to request accommodations that would best suit his or her situation. The individual may request an accommodation by completing the *Request for Accommodations by Persons with Disabilities* (Judicial Council Form MC-410) or by other means, and provide the request to court staff. If the individual is involved in more than one case, they must submit a separate request (MC-410 form) for each case. The individual should give the court at least five working days notice whenever possible. The court may grant, modify or deny the request. The information presented will be kept confidential unless ordered released by a Judicial officer, or a written waiver of confidentiality is received from the requestor.

The court will evaluate all requests to make reasonable modifications to its policies, practices, and procedures when these modifications are necessary to avoid discriminating against a person because of a disability.

Service animals are permitted in court facilities. The ADA defines a service animal as any guide dog, signal dog, or other animal individually trained to provide assistance to an individual with a disability. Service animals may go to all areas of the court where customers are normally allowed.

For instructions, forms, and additional information, please use the links on the right side of this page.

For free tools that allow persons with visual disabilities to read documents in Adobe Acrobat PDF format, please visit http://www.adobe.com/enterprise/accessibility/main.html. These tools convert PDF documents into either HTML or ASCII text that can then be read by many screen-reading programs.

For further information:

**Jurors**: Please contact the Jury Services Office at (909) 387-6244.

**Others:** Please contact the court's ADA Coordinator at ada.coordinator@courts.sbcounty.ca.gov.

**Court employees:** To request accommodation for yourself, please contact your supervisor or the Court's Personnel Department. For information on assisting court customers with ADA issues, refer to the Court's Intranet

If you should have any questions or concerns regarding Americans with Disabilities, please contact Sharon Prentiss, Director of Court Administrative Services at (909) 382-3504

Request for Accommodation Instruction Sheet
Non Fillable Form and Rule of Court 1

Request for Accommodation Form
Fillable Version (MC-410)

**Q&A on Rule of Court 1.100**
Access and Fairness Advisory Flyer http://www.courtinfo.ca.gov/programs/access/documents/accfair.pdf

For Additional Information about Accessibility at the California Courts:
http://www.courtinfo.ca.gov/programs/access/accessibility.htm
http://www.courtinfo.ca.gov/selfhelp/family/speced/specedlinks.htm

Exhibit 1
Page 18



Presented by the
Judicial Council of California
And the
State Bar of California

Exhibit 1
Page 19

## Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolution (ADR). The most common forms of ADR are mediation, arbitration, and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities, through dispute resolution programs and private neutrals.

## Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- **ADR can be speedier.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- **ADR can save money.** Court costs, attorneys' fees, and expert fees can be saved.

- **ADR can permit more participation.** The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

-2-

Exhibit  1
Page 20

- **ADR can be flexible.**  The parties can choose the ADR process that is best for them.  For example, in mediation the parties may decide how to resolve their dispute.

- **ADR can be cooperative.**  This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- **ADR can reduce stress.**  There are fewer, if any, court appearances.  And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves.  The parties don't have a lawsuit hanging over their heads for years.

- **ADR can be more satisfying.**  For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit.  Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly.  ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation.  ADR

-3-

Revised September 3, 2008

Exhibit 1
Page 21

may not be effective if it takes place before the parties have sufficient information to resolve the dispute

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## Three Common Types of ADR

This pamphlet describes the forms of ADR most often found in the California state courts and discusses when each may be right for a dispute.

- **MEDIATION**

In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the mediator does not decide how the dispute is to be resolved. The parties do.

Mediation is a cooperative process, in which the parties work together toward a resolution that tries to meet everyone's interests, instead of working against each other, where at least one party loses. Mediation normally leads to better relations between the parties and to resolutions that hold up. For example, mediation has been very successful in family disputes, particularly with child custody and visitation.

-4-

Exhibit  1
Page 22

Mediation is particularly effective when the parties have a continuing relationship, like neighbors or business people. Mediation also is very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to let out their feelings and find out how each other sees things.

Mediation may not be a good idea when one party is unwilling to discuss a resolution or when one party has been a victim of the other or cannot have enough bargaining power in the mediation. However, mediation can be successful for victims seeking restitution from offenders. A mediator can meet with the parties separately when there has been violence between them.

- **ARBITRATION**

In arbitration, a neutral (the arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and much speedier and less expensive than a lawsuit. Because of the large number of cases awaiting trial in many courts, a dispute normally can be heard much more quickly by an arbitrator than by a judge. Often a case that may take a week to try in court can be heard by an arbitrator in a matter of hours, because evidence can be submitted by documents (like medial reports and bills and business records), rather than testimony.

There are two kinds of arbitration in California. Private arbitration, by agreement of the parties involved in the dispute, takes place outside of the courts and normally, is binding. In most cases "binding" means that the arbitrator's decision (award) is final and there will not be a trial or an appeal of that decision. By contrast, a decision by an arbitrator in a case referred by the courts, known as "judicial arbitration," is not binding, unless parties agree to

Revised September 3, 2008

Exhibit __1__
Page **23**

be bound.  A party who does not like the award may file a request for trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

Arbitration is best for cases where the parties want a decision without the expense of a trial.  Arbitration may be better than mediation when the parties have no relationship except for the dispute.

Arbitration may not be a good idea when the parties want to resolve their dispute by themselves, or with the aid of a neutral.

- **CASE EVALUATION**

In case evaluation, a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments, and makes an evaluation of the case.  Each party gets a chance to present the case and hear the other side.  This may lead to a settlement, or at least help the parties prepare to resolve the dispute later on.

Case evaluation, like mediation, can come early in the dispute and save time and money.

Case evaluation is most effective when someone has an unrealistic view of the dispute or when the only real issue is what the case is worth, or when there are technical or scientific questions to be worked out.

Case evaluation may not be a good idea when it is too soon to tell what the case is worth or when the dispute is about something besides money, like a neighbor playing loud music late at night.

-6-

Exhibit 1
Page 24

## Additional Information

There are several other types of ADR beside mediation, arbitration, and case evaluation. Some of these are conciliation, settlement conferences, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

The selection of a neutral is an important decision. There is no legal requirement that the neutral to be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. You may wish to inquire about the qualifications of any neutral you are considering.

Agreements reached through ADR normally are put in writing by the neutral and, if the parties wish, may become binding contracts that can be enforced by a judge.

You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

## Whom Do You Call?

To locate a dispute resolution program or neutral in your community:

- Contact the **California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-952-5210,** or

- Contact the **local bar association,** or

- Look in the **Yellow Pages** under "Arbitrations" or "Mediators."

There may be a charge for services provided by private arbitrators and mediators.

-7-

Exhibit 1
Page 25

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
MEDIATION SOURCES



Claremont Dispute
Resolution Center
808 North Garey Avenue
Pomona, CA  91767
Phone:  (909) 623-2351
Fax:      (909) 623-1351

Divorce Mediation Center
13751 Roswell Avenue, #A
Chino, CA
(909) 591-4033

Inland Fair Housing &
Mediation Board
15465 Seneca Road
Victorville, CA  92392

Inland Mediation Board
60 E. 9th Street
Upland, CA 91786
(909) 984-2254

Inland Mediation Board
560 N. Arrowhead Avenue
San Bernardino, CA
(909) 888-3763

IVAMS
337 North Vineyard, Suite 203
Ontario, CA  91764
(909) 937-3467

IVAMS
300 South Park, Suite 780
Pomona, CA  91766
Phone: (909) 629-6301
Fax:     (909) 629-1607

JAMS Endispute
650 E. Hospitality Lane, Suite 125
San Bernardino, CA  92408
(800) 352-5267 or (909) 885-7473

Lutheran Social Services of California
P. O. Box 1927
Big Bear Lake, CA  92315
(909) 866-5070

Mosten Mediation Center
Chino, CA
(800) 286-0777

-8-

Exhibit  1
Page 26

**Exhibit 2**

1
2  ALAN G. ROSS, Bar No. 162859
   ERIC J. WERSCHING, Bar No. 229415
3  ROSS & WERSCHING LLP
   Attorneys at Law
4  3151 Airway Ave., Suite S-1
   Costa Mesa, California 92626
5  Telephone: (714) 444-3900
   Facsimile: (714) 444-3901
6
   Attorneys for Defendant
7  JAMES HARDIE BUILDING PRODUCTS, INC.



F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

OCT − 7 2009

By _____
                          Deputy

8

9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                   **COUNTY OF SAN BERNARDINO**

11

12  GARY GRIFFITH, an individual,          CASE NO.  CIVDS 909232

13              Plaintiff,
                                           Assigned for all purposes:
14        v.                               Hon. Paul M. Bryant, Jr.
                                           Dept. S36
15  JAMES HARDIE BUILDING PRODUCTS,
    INC., a corporation; and DOES 1 through 100,
16  inclusive,                             **DEFENDANT JAMES HARDIE
                                           BUILDING PRODUCTS, INC.'S ANSWER
17              Defendants.                TO UNVERIFIED COMPLAINT**

18

19                                         Date Action Filed:   June 26, 2009

20
                                           Trial Date:    None Set
21

22

23

24

25        Defendant JAMES HARDIE BUILDING PRODUCTS, INC. ("Defendant") on behalf of

26  itself and no other party, hereby answers the unverified Complaint (the "Complaint") filed by

27  Plaintiff GARY GRIFFIN ("Plaintiff") in this action, as follows:

28
                                                             Exhibit _1_
                                                             Page _27_
    _____
                                    Defendant James Hardie Building Products, Inc's
                                            Answer to Unverified Complaint

Pursuant to Code of Civil Procedure Section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint, and each and every purported cause of action set forth in the Complaint, and further generally and specifically denies that Plaintiff has sustained any damage or injury, or is entitled to any relief or recovery against or affecting Defendant.

As separate and affirmative defenses to the Complaint, and each cause of action, claim and allegation contained therein, Defendant states as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1. The Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

2. Plaintiff's Complaint, and each and every cause of action alleged therein, cannot be maintained against Defendant because any adverse employment action, if any, Plaintiff experienced was based upon reasonable and legal factors other than his age.

## THIRD AFFIRMATIVE DEFENSE

### (Absence of Ratification)

3. No alleged acts of discrimination or other civil wrongs allegedly committed against Plaintiff, if any occurred, were authorized, ratified, or approved by Defendant.

ROSS & WERSCHING LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

Exhibit 2
Page 28

2

Defendant James Hardie Building Products, Inc's
Answer to Unverified Complaint

## FOURTH AFFIRMATIVE DEFENSE

### (Business Necessity)

4.      All of Defendant's actions taken with respect to Plaintiff were based on a good faith belief that a legitimate business interest required the action, or entitled Defendant to perform the action. Accordingly, if the alleged practices, policies, usages or customs of Defendant are deemed "discriminatory," they are justified by the business necessity inherent in its operations and are, therefore, not unlawful.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

5.      Plaintiff's claims are barred by any and all applicable statutes of limitation.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

6.      Plaintiff has failed to mitigate his alleged damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

7.      Some or all of Plaintiff's claims are barred by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

8.      Some or all of Plaintiff's claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

9.      Some or all of Plaintiff's claims for damages under his alleged cause of action, if

Exhibit 2
Page 29

Defendant James Hardie Building Products, Inc's

1    any, are limited or barred by after acquired evidence.

2

3                    **TENTH AFFIRMATIVE DEFENSE**

4             **(Unconstitutionality of Punitive Damages As Applied)**

5         10.    Plaintiff's claim for punitive damages is invalid as applied to Defendant pursuant to

6    Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth, and Fourteen

7    Amendments of the United States Constitution, as well as Article I, Section 7, 9, 15, and 17 and

8    Article IV, Section 16 of the California Constitution.

9

10                    **ELEVENTH AFFIRMATIVE DEFENSE**

11                         **(Attorneys' Fees)**

12        11.    In the event that the Court deems Plaintiff's case to be frivolous or without

13    foundation, Defendants are entitled to attorneys' fees.

14

15                    **TWELFTH AFFIRMATIVE DEFENSE**

16             **(Workers Compensation Preemption)**

17        12.    Plaintiff's claims for Negligent and Intentional Infliction of Emotional Distress are

18    preempted by the exclusive remedy provisions of California Labor Code Section 3602.

19

20                    **THIRTEENTH AFFIRMATIVE DEFENSE**

21                         **(Additional Defenses)**

22        13.    Defendant reserves the right to amend this Answer and add additional affirmative

23    defenses.

24

25                              **PRAYER**

26

27        WHEREFORE, Defendant prays for judgment as follows:

28

Exhibit 2
Page 30

4

Defendant James Hardie Building Products, Inc's

ROSS & WERSCHING LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

1

2    1.    That Plaintiff take nothing from Defendant by way of Plaintiff's Complaint;

3

4    2.    That the Court enter an award against Plaintiff on all claims;

5

6    3.    For Defendant's reasonable expenses, including its attorneys' fees;

7

8    4.    For Defendant's costs of defense incurred herein; and

9

10    5.    For such other relief as the Court may deem just and proper.

11

12    DATED: October 7, 2009        ROSS & WERSCHING LLP

13

14                    By: _____

15                            ALAN G. ROSS

16                      Attorneys for Defendant
                    JAMES HARDIE BUILDING PRODUCTS, INC.

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 2
Page 31

5

Defendant James Hardie Building Products, Inc's

*Gary Griffith v. James Hardie Building Products, Inc.*
San Bernardino County Superior Court Case No. CIVDS 909232

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 3151 Airway Ave., Suite S-1, Costa Mesa, California 92626.

On October 7. 2009, I served the following document described as:

**DEFENDANT JAMES HARDIE BUILDING PRODUCTS, INC.'S ANSWER TO UNVERIFIED COMPLAINT**

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope as follows:

Randal P. Hannah, Esq.                    Attorneys for Plaintiff Garry Griffith
Roxana E. Verano, Esq.
Law Office of Randal P. Hannah
188 North Euclid Avenue
Upland, CA 91785
Tel: (909) 629-2521
Fax: (909) 949-8069

☐ **(By Overnight Courier)** I served the above referenced document(s), enclosed in a sealed package or packages designated by Federal Express, by depositing such package(s) at a facility regularly maintained by Federal Express, with delivery fees paid or provided for and addressed to the office of the addressee(s) listed above.

☒ **(BY U.S. Mail)** I am readily familiar with my firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Costa Mesa, California.

☐ **(By Facsimile)** I served a true and correct copy by facsimile. Said transmission was reported complete and without error.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 7, 2009, at Costa Mesa, California.

Alan G. Ross

Exhibit 2
Page 32

PROOF OF SERVICE

# Exhibit 3

ALAN G. ROSS, Bar No. 162859
ERIC J. WERSCHING, Bar No. 229415
ROSS & WERSCHING LLP
Attorneys at Law
3151 Airway Ave., Suite S-1
Costa Mesa, California 92626
Telephone: (714) 444-3900
Facsimile: (714) 444-3901

Attorneys for Defendant
JAMES HARDIE BUILDING PRODUCTS, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| GARY GRIFFITH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>JAMES HARDIE BUILDING PRODUCTS, INC., a corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.  CIVDS 909232<br><br>Assigned for all purposes:<br>Hon. Paul M. Bryant, Jr.<br>Dept. S36<br><br>**PEREMPTORY CHALLENGE**<br>**[CCP § 170.6]**<br><br>Date Action Filed:     June 26, 2009<br><br>Trial Date:     None Set |

I, Alan G. Ross, declare:

I am the attorney for Defendant JAMES HARDIE BUILDING PRODUCTS, INC., a party to the within action.  Judge Paul M. Bryant, Jr., to whom this case has been assigned for all purposes, is prejudiced against the party or interest of the party so that I believe the party cannot

**PEREMPTORY CHALLENGE**
**[CCP § 170.6]**

Exhibit 3
Page 23

ROSS & WERSCHING LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

1   have a fair and impartial trial or hearing before the Judge.

2

3       I declare under penalty of perjury under the laws of the State of California that the

4   foregoing is true and correct.

5

6       Executed this 8th day of October, 2009 at Costa Mesa, California.

7

8                                                   _____

9                                                       Alan G. Ross

10

ROSS & WERSCHING LLP
ATTORNEYS AT LAW
3151 AIRWAY AVE., SUITE S-1
COSTA MESA, CALIFORNIA 92626
(714) 444-3900

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

**PEREMPTORY CHALLENGE**
**[CCP § 170.6]**
Exhibit 3
Page 34

*Gary Griffith v. James Hardie Building Products, Inc.*
San Bernardino County Superior Court Case No. CIVDS 909232

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 3151 Airway Ave., Suite S-1, Costa Mesa, California 92626.

On October 8. 2009, I served the following document described as:

**PEREMPTORY CHALLENGE [CCP § 170.6]**

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope as follows:

Randal P. Hannah, Esq.                    Attorneys for Plaintiff Garry Griffith
Roxana E. Verano, Esq.
Law Office of Randal P. Hannah
188 North Euclid Avenue
Upland, CA 91785
Tel: (909) 629-2521
Fax: (909) 949-8069

☐ **(By Overnight Courier)** I served the above referenced document(s), enclosed in a sealed package or packages designated by Federal Express, by depositing such package(s) at a facility regularly maintained by Federal Express, with delivery fees paid or provided for and addressed to the office of the addressee(s) listed above.

☒ **(BY U.S. Mail)** I am readily familiar with my firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Costa Mesa, California.

☐ **(By Facsimile)** I served a true and correct copy by facsimile. Said transmission was reported complete and without error.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 8, 2009, at Costa Mesa, California.

_____
Alan G. Ross

**Exhibit 4**





# CERTIFICATE OF EXISTENCE
# WITH STATUS IN GOOD STANDING

I, ROSS MILLER, the duly elected and qualified Nevada Secretary of State, do hereby certify that I am, by the laws of said State, the custodian of the records relating to filings by corporations, non-profit corporations, corporation soles, limited-liability companies, limited partnerships, limited-liability partnerships and business trusts pursuant to Title 7 of the Nevada Revised Statutes which are either presently in a status of good standing or were in good standing for a time period subsequent of 1976 and am the proper officer to execute this certificate.

I further certify that the records of the Nevada Secretary of State, at the date of this certificate, evidence, **JAMES HARDIE BUILDING PRODUCTS INC.**, as a corporation duly organized under the laws of Nevada and existing under and by virtue of the laws of the State of Nevada since November 17, 1995, and is in good standing in this state.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the Great Seal of State, at my office on September 24, 2009.

ROSS MILLER
Secretary of State

Electronic Certificate
Certificate Number: C20090924-1696
You may verify this electronic certificate
online at **http://www.nvsos.gov/**

Exhibit  4
Page  36

*Gary Griffith v. James Hardie Building Products, Inc.*

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 years and am not a party to the within action; my business address is 3151 Airway Ave., Suite S-1, Costa Mesa, California 92626.

On October 9. 2009, I served the following document described as:

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §1332 AND 28 U.S.C. §1441(B)**

on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope as follows:

Randal P. Hannah, Esq.                          Attorneys for Plaintiff Garry Griffith
Roxana E. Verano, Esq.
Law Office of Randal P. Hannah
188 North Euclid Avenue
Upland, CA 91785
Tel:  (909) 629-2521
Fax:  (909) 949-8069

☐   **(By Overnight Courier)**  I served the above referenced document(s), enclosed in a sealed package or packages designated by Federal Express, by depositing such package(s) at a facility regularly maintained by Federal Express, with delivery fees paid or provided for and addressed to the office of the addressee(s) listed above.

☒   **(BY U.S. Mail)** I am readily familiar with my firm's business practice for collection and processing of correspondence for mailing with the United States Postal Service.  I deposited such envelope(s) with postage thereon fully prepaid to be placed in the United States Mail at Costa Mesa, California.

☐   **(By Facsimile)** I served a true and correct copy by facsimile.  Said transmission was reported complete and without error.

☒   **(Federal)** I declare that I am a member of the bar of this court and that under penalty of perjury under the laws of the United States of America the foregoing is true and correct.

Executed on October 9, 2009, at Costa Mesa, California.

Alan G. Ross